UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES E. ROE,<br><br>            Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. 2:13-CV-01744-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Charles Roe appeals the ALJ's written decision finding him not disabled. The ALJ found Mr. Roe's severe impairments were congestive heart failure and diabetes uncomplicated type II; these impairments did not meet the Listings; Mr. Roe had the Residual Functional Capacity ("RFC") to perform light work subject to certain limitations; and that he could not perform past relevant work but was not disabled because he could perform other jobs in the national economy. Tr. 13-23. After the ALJ issued her decision, Mr. Roe requested Appeals Council review and submitted an evaluation prepared by Oscar J. Brisino, Jr., M.D. Tr. 670. The Appeals Council added Dr. Brisino's evaluation to the record, Tr. 8, and denied review, Tr. 5, making the ALJ's decision is the Commissioner's final decision.

REPORT AND RECOMMENDATION - 1

Mr. Roe contends the case should be remanded for further proceedings for two reasons.[1] First, he argues the Commissioner erred by failing to give clear and convincing reasons to reject Dr. Brisino's opinion, and Dr. Brisino's opinion undermines the ALJ's findings regarding his RFC and ability to perform other jobs in the national economy. Second, he contends the ALJ failed to provide clear and convincing reasons to discount his testimony. Dkt. 17 at 1-2. He has not assigned error to the ALJ's assessment of the medical and lay evidence, or the ALJ's step two and three determinations that Mr. Roe did not have any mental health conditions that were severe impairments or which met the requirements of the Listings.

As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

### A.  Dr. Brisino's post hearing opinions undermine the ALJ's decision

After the ALJ issued her written decision, Mr. Roe sought Appeals Council review and submitted a "medical source statement" completed by Oscar Brisino, M.D. The Appeals Council made Dr. Brisino's statement part of the record and denied review. When a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying the review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F. 3d 1157, 1159 (9th Cir. 2012).

The Commissioner contends the new evidence does not undermine the ALJ's decision arguing the ALJ properly evaluated Mr. Roe's credibility and the medical evidence that was

---

[1] Dkt. 17 at 20.

REPORT AND RECOMMENDATION - 2

presented to the ALJ.  Dkt. 18 at 12-15.  The contention is flawed because Dr. Brisino's post hearing opinions noted new limitations the ALJ did not address.  Specifically, Dr. Brisino opined that due to almost daily "angina episodes," Mr. Roe needed to rest 5 to 10 minutes per episode.  Tr. 679.  He further opined Mr. Roe would sometimes need one to four unscheduled breaks during the workday, for 10 to 20 minutes per break.  Tr. 671.  These limitations undermine the ALJ's finding that Mr. Roe was not disabled because the ALJ did not address them and the vocational expert testified that a worker who needed three unscheduled 10 minute breaks a day would not be employable.  Tr. 82-83.

The Commissioner also argues Dr. Brisino's opinions are not sufficiently clear to compel reversal of the ALJ's decision.  Dkt.  18 at 15-17.  The ALJ did not assess Dr. Brisino's opinions, and the Commissioner's argument thus requires the Court to consider and weigh the evidence in the first instance, something the Court cannot do.  *Cf. Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving all other ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).   Hence, it is for the ALJ to resolve, on remand, with further development of the record if necessary, not for the Court in this appeal.  *See e.g.  Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).   In sum, because Dr. Brisino's post-hearing opinions undermine the ALJ's decision, the case should be remanded for further proceedings.[2]  The Court notes that the fact Dr. Brisino's opinions call for remand does not mean that they should be

---

[2] Because the matter should be remanded, the Court need not extensively discuss Mr. Roe's failed arguments that the "Commissioner" failed to provide clear and convincing reasons to reject the post hearing opinions. Dkt. 17 at 14; Dkt. 19 at 2-3.  The Appeals Council need explain why it denied review the ALJ's decision.  *See Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1231 (9th Cir. 2011).   As such, neither does the Commissioner because any explanation given at this point would be post-hoc and impermissible.

REPORT AND RECOMMENDATION - 3

credited as true, as Mr. Roe suggests.  Dkt. 17 at 19-20.  That determination is reserved to the ALJ and must still be addressed by the ALJ on remand.

**B.      The ALJ gave a least one proper reason to discount Mr. Roe's credibility**

Mr. Roe contends the ALJ erroneously discounted his testimony.  Dkt. 17 at 14.  The ALJ did not find malingering and was thus required to provide clear and convincing reasons to discount Mr. Roe's testimony.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).  The ALJ first discounted Mr. Roe's credibility because he was "not entirely compliant with adhering to recommended treatment.  Tr. 19.  Specifically, the ALJ found Mr. Roe was advised to stop smoking and maintain a diet and portion control but nonetheless "ate when he was hungry at all times of the day or night," and continued to smoke.  *Id*.  The ALJ concluded Mr. Roe's noncompliance raised questions about his motivation, and that his "failure to follow through with treatment recommendations suggests that the claimant's conditions is not as severe as alleged."  *Id*.

In general, inadequately explained failure to seek treatment or follow a prescribed course of treatment is proper grounds to question a claimant's credibility.  *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  However, under Social Security Ruling 82–59, the "SSA may make a determination that an individual has failed to follow prescribed treatment" only where the record establishes the existence of four conditions.  SSR 82–59 ("Identifying 'Failure' as an Issue.").  The fourth condition is "[t]he evidence of record [must] disclose[ ] that there has been refusal to follow prescribed treatment."  SSR 82–59.  Substantial evidence does not support a finding that Mr. Roe refused to follow prescribed treatment.

The record shows Mr. Roe suffers from diabetes and congestive heart failure and that his health providers "stressed diet change," Tr. 578, Tr. 582 (discussed sugar levels, patient has

REPORT AND RECOMMENDATION - 4

stopped eating top ramen), Tr. 618 (eating healthier), and Tr. 619 (discussed carbohydrates and eating top ramen), and the need to stop smoking. *See e.g.*, Tr. 636 (It is encouraging that Mr. Roe has reduced his smoking "however, did reiterate the importance of complete cessation."). Tr. 636. The record shows Mr. Roe struggled with his diet and smoking and made attempts to follow-through with his doctors' advice. However, it does not show that he refused to follow prescribed medical treatment; accordingly the ALJ erred in relying on diet and smoking to discount Mr. Roe's credibility.[3]

The ALJ also found the medical evidence undercut Mr. Roe's claim that he was disabled. Tr. 19-22. An ALJ may consider "ordinary techniques of credibility evaluation" including inconsistencies between a claimant's testimony and the opinions of physicians concerning the nature, severity, and effect of the symptoms of which claimant complains. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Here, the ALJ detailed the medical evidence, Tr. 19-22, and concluded that it showed that though Mr. Roe's medical conditions limited his capacity to perform work, he retained the capacity to perform limited work. Mr. Roe has not assigned error to the ALJ's assessment of the medical evidence that was of record at the time the ALJ issued her written decision. Among the opinions the ALJ considered was William Spence's, M.D., testimony which the ALJ accorded significant weight. Tr. 21. Dr. Spence opined Mr. Roe "has a lot of symptoms," Tr. 49, and was "capable of doing well, minimum sedentary type of

---

[3] The Court notes it is unclear whether an ALJ may rely on smoking as grounds to discount a claimant's credibility. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir.2009) (citing *Shramek v. Apfel*, 226 F.3d 809, 812–13 (7th Cir.2000) (noting, in dicta, that nicotine's addictive properties made it "extremely tenuous" to discredit a claimant's description of her impairments based on the claimant's continued smoking). Assuming smoking bears on a claimant's credibility, the record does not support the ALJ's reliance on smoking. The record shows Mr. Roe went from smoking two packs a day to smoking a couple of cigarettes "every so often." Tr. 636. Given nicotine's addictive nature, this shows Mr. Roe made great efforts at curtailing his nicotine use, behavior that tends to bolster rather than diminish his credibility.

REPORT AND RECOMMENDATION - 5

activities." Tr. 51.  This opinion is substantial evidence supporting the ALJ's finding that Mr. Roe's testimony he could not work at all should be discounted as inconsistent with the medical evidence.

Although the ALJ's treatment of Mr. Roe's credibility is not error free, the Court finds any error would not negate the validity of the overall credibility determination and thus is harmless.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).  In sum, the Court affirms the ALJ's credibility determination.

## CONCLUSION

For the foregoing reasons, the Court recommends **REVERSING** the Commissioner's final decision and the **REMANDING** the matter for further administrative proceedings pursuant to sentence four.  On remand, the ALJ should assess the post hearing opinions of Dr. Brisino, develop the record as appropriate, reassess Mr. Roe's RFC as necessary and proceed to the remaining steps as needed.

A proposed order accompanies this Report and Recommendation.  Any objection to this Report and Recommendation must be filed and served no later than **May 14, 2014.**  If no objections are filed, the Clerk should note the matter for **May 16, 2014** as ready for the Court's consideration.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.

//

Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 30th day of April, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7