UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES E. ROE,

                    Plaintiff,

      v.

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                    Defendant.

Case No. 2:13-CV-01744-JCC

**REPORT AND
RECOMMENDATION**

       Plaintiff moves as the prevailing party for EAJA attorney's fees of **$7,379.40** and expenses of **$15.03**. Dkt. 23. The Commissioner opposes the motion, arguing that her position was substantially justified and, alternatively, that the EAJA award should be reduced. Dkt. 25. The Court recommends **GRANTING** plaintiff's motion for EAJA attorney's fees and expenses in the full amount requested.

       The ALJ's decision was reversed and remanded so that the ALJ could consider in the first instance a post-hearing opinion by treating physician Dr. Brisino that potentially undermined the disability determination. Dkt. 20. According to the Commissioner, she was substantially justified in arguing that record evidence should be disregarded because the Appeals Council's decision not to comment on the new evidence was unreviewable and the ALJ's decision

1  remained conceivably justified.  Dkt. 25, at 3–5.  The Court disagrees.

2          The relevant question is whether there was a reasonable basis in law and fact for the

3  Commissioner to argue against a remand to allow the ALJ to consider yet-to-be-examined,

4  treating-physician testimony that, according to the vocational expert ("VE"), might render

5  plaintiff unemployable.  *See* Dkt. 20, at 2–4; *see, e.g.*, *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th

6  Cir. 2008) ("Where, as here, the ALJ's decision was reversed on the basis of procedural errors,

7  the question is *not* whether the government's position as to the merits of [plaintiff's] disability

8  claim was substantially justified.  Rather, the relevant question is whether the government's

9  decision to defend on appeal the procedural errors . . . was substantially justified.") (internal

10  citation omitted).  Under the circumstances, the Commissioner's litigation position was not

11  substantially justified: it makes little legal and factual sense to deny the ALJ an opportunity to

12  review new record evidence that, according to undisputed VE testimony, might alter the

13  disability determination.  Moreover, the Court has reviewed the itemized list of fees and costs

14  submitted by plaintiff's counsel and finds them to be reasonable.

15          The Court recommends **GRANTING** plaintiff's motion for  EAJA attorney's fees  of

16  $7,379.40 and expenses of $15.03.

17          A proposed order accompanies this Report and Recommendation.  Objections, if any, to

18  this Report and Recommendation must be filed and served no later than **August 5, 2014.**  If no

19  objections are filed, the matter will be ready for the Court's consideration on **August 8, 2014**.  If

20  objections are filed, any response is due within 14 days after being served with the objections.  A

21  party filing an objection must note the matter for the Court's consideration 14 days from the date

22  the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The

23  failure to timely object may affect the right to appeal.

DATED this 22nd day of July, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge